57 A.3d 1098

IN THE MATTERS OF CHARLES X. GORMALLY (ATTORNEY NO. 023581979), CATHY C. CARDILLO (ATTORNEY NO. 028491997), SEAN A. SMITH (ATTORNEY NO. 028862001), ATTORNEYS AT LAW.

December 19, 2012.

The Disciplinary Review Board having filed with the Court its decisions in DRB 11–160, DRB 11–161, and DRB 12–013, concluding that

(1) **CHARLES X. GORMALLY** of **ROSELAND,** who was admitted to the Bar of this State in 1979, should be reprimanded for violating *RPC* 5.6(b) (a lawyer shall not participate in offering or making an agreement in which a restriction on the lawyer's right to practice is part of the settlement of a controversy between the parties);

(2) **CATHY C. CARDILLO** of **JERSEY CITY,** who was admitted to the Bar of this State in 1997, should be reprimanded for violating *RPC* 5.6(b); and that

(3) the actions of **SEAN A. SMITH** of **ROSELAND,** who was admitted to the Bar of this State in 2001, violated *RPC* 5.6(b), but because of his subordinate role, constitute minor unethical conduct that warrants treatment in accordance with *Rule* 1:20–3(i)(2) (diversion from the disciplinary process for an agreement in lieu of discipline);

And **CHARLES X. GORMALLY, CATHY C. CARDILLO,** and **SEAN A. SMITH** having been ordered to show cause why each of them should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matters that **CHARLES X. GORMALLY, CATHY C. CARDILLO,** and **SEAN A. SMITH** should be disciplined;

And the Court having concluded that the unethical conduct of **CHARLES X. GORMALLY** and **CATHY C. CARDILLO** war-

rants the imposition of a reprimand on each and that the unethical conduct of **SEAN A. SMITH** warrants an admonition;

And good cause appearing;

It is ORDERED that **CHARLES X. GORMALLY** and **CATHY C. CARDILLO** are hereby reprimanded; and it is further

ORDERED that **SEAN A. SMITH** is hereby admonished; and it is further

ORDERED that the entire record of this matter be made a permanent part of each respondent's file as an attorney at law of this State; and it is further

ORDERED that each respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and disciplinary expenses actually incurred in the investigation and prosecution of their respective matters, as provided in *Rule* 1:20–17.

Chief Justice RABNER, Justice HOENS, Judge CUFF (temporarily assigned), and Judge PARRILLO (temporarily assigned) join in the Court's Order.

Justice LaVECCHIA dissenting.

Justice LaVECCHIA dissents from the Order imposing discipline and adds the following.

Respectfully, I would clarify *RPC* 5.6(b)'s application for purposes of imposing discipline in the future but would not impose discipline on respondents in these circumstances.

I note that the issue of the conflict between respondent Cathy Cardillo, Esq., and the clients represented by respondents Charles X. Gormally, Esq., and Sean Alden Smith, Esq., arose repeatedly since a 2001 trial court ruling in *Witkowski v. White* found a disqualifying conflict of interest under *RPC* 1.9 in Ms. Cardillo's representation of a party adverse to one principal (Covello) of Liberty Realty, a real estate limited liability corporation. That disqualification was grounded on the fact that Ms. Cardillo had

provided prior advice to the principals of Liberty Realty. These attorney disciplinary matters involve Gormally's and Smith's representation of the two other principals of Liberty Realty (Silverman and Stathis) in matters again involving Ms. Cardillo as an adversary.

In the events that gave rise to these proceedings, I note that respondents openly discussed Ms. Cardillo's conflict with the two other principals of Liberty Realty prior to entering into the conflict agreement that is at the heart of these disciplinary actions. Importantly, in addressing the conflict, they had knowledge of a prior example of a conflict agreement's use in respect of Ms. Cardillo and the other Liberty Realty principal (Covello). Moreover, that earlier conflict agreement had been brought to the attention of a judge of the Superior Court in connection with securing approval of a settled action in 2007. The conflict agreement involved in the present disciplinary matters followed the contours of that prior judicially approved settlement, with its explicit conflict agreement resolving how future conflicts would be avoided for Liberty Realty and the particular principal (Covello) involved in that matter.

In my view, the Office of Attorney Ethics has brought these disciplinary actions against respondents under *RPC* 5.6(b) for conduct that essentially followed the format previously used to resolve a judicially recognized conflict with respect to a principal of Liberty Realty (except that in this instance two distinct documents—one for settlement of the action and the other the conflict agreement—were drafted and executed by the parties, albeit close in time). The Court now explicitly disapproves such agreements and I do not disagree with that determination. I recognize that the holding will provide clear guidance to attorneys seeking to adhere to *RPC* 5.6(b), for which there is no helpful existing precedent that bears any resemblance to the facts of this case. *Cf. In re Zaruba,* 177 *N.J.* 564, 832 *A.*2d 317 (2003) (imposing suspension where corporate defense attorney engaged in secret six-figure-dollar bribe of client's adversaries in agreement that

barred disclosure of agreement's terms to clients and restricted lawyers' right to practice). But here, rather than simply voiding the agreement as violative of *RPC* 5.6 without imposing discipline, as occurred in *Jacob v. Norris, McLaughlin, & Marcus*, 128 *N.J.* 10, 607 *A.*2d 142 (1992) (finding that agreement among attorneys violated *RPC* 5.6(c) and its animating public policy, and voiding agreement but imposing no disciplinary repercussions), the Court imposes discipline on attorneys who heretofore had unblemished disciplinary records.

I am not convinced that it is fair or appropriate to discipline these respondents with respect to the conflict agreement that was executed here, in light of the factual history and past judicial experiences about which these attorneys were aware in respect of the conflict they were attempting to address. Applying a clear and convincing standard, I cannot find a knowing violation of the Rules of Professional Conduct by the respondents and, therefore, would not impose discipline on any respondent, not even Ms. Cardillo, notwithstanding her willingness to admit a violation and to accept discipline.